In re Bernard L. Jones, Bankrupt.

Bernard L. JONES, Plaintiff-Appellant,

v.

LA SALLE NATIONAL BANK, as Conservator of the Estate of Robert L. Jones, Defendant-Appellee.

No. 74 B 7141.

United States District Court, N. D. Illinois, E. D.

June 16, 1976.

Sidney Sherman, Chicago, Ill., for plaintiff-appellant.

John J. Phelan, Malcolm D. Nicholson, Louis W. Levit, Chicago, Ill., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

### KIRKLAND, District Judge.

This matter comes before the Court on defendant's motion to alter or amend judgment pursuant to Rule 59(d), Federal Rules of Civil Procedure. On February 5, 1976 this Court reversed an earlier order of the Bankruptcy Judge by declaring defendant's claim discharged by operation of law.

In support of its motion, defendant argues that when Section 17c(2) of the Bankruptcy Act (the "Act"), 11 U.S.C. § 35(c)(2), is read together with Section 14b(1) of the Act, 11 U.S.C. § 32(b)(1), Rule 409(a) and Rule 906(b) of the Rules of Bankruptcy Procedure, the Bankruptcy Judge has the inherent power and authority to extend the time within which applications or complaints for the determination of dischargeability may be filed. Defendant further contends that its answer filed on January 3, 1975 was a proper application for a determination of the non-dischargeable nature of its claim. Thus defendant maintains that the Bankruptcy Judge's order denying dischargeability of the debt also constituted a determination that the circumstances justified extending or enlarging the time for filing. Defendant urges that, absent a showing of abuse of discretion, the decision of the Bankruptcy Judge should have been affirmed on appeal.

Plaintiff asserts, *contra,* that the Rules cited in conjunction with Section 17c(2) have no bearing on the disposition of this case because defendant filed neither an application nor a complaint asking for a determination of the dischargeability of the debt.

The Court finds no merit in defendant's claim that Section 17c(2) read together with Section 14b(1) and Rules 409(a) and 906(b) of the Rules of Bankruptcy Procedure dictate a change in this Court's earlier decision. Section 17c(2) clearly states that a creditor contending that his debt is non-dischargeable under Section 17a(4) *must* file an application for determination of dischargeability within the time fixed by the Bankruptcy Court. Section 14b(1), Rule 409(a) and Rule 906(b) do not grant the Bankruptcy Court discretion to permit creditors to challenge dischargeability of their claims either after expiration of the time originally fixed or by a pleading other than an application or complaint.

Section 14b(1) clearly states that the court may grant a time extension upon motion of any party in interest or on motion *sua sponte.* However, the record below reveals that no party moved for an extension and the Bankruptcy Court did not grant one upon its own motion.

Defendant's argument further fails to take cognizance of the plain language of Rule 409(a). The Rule states that the court shall make an order fixing a time for the filing of a *complaint* to determine the dischargeability of any debt pursuant to Section 17c(2) of the Act. Defendant did not file such a complaint. Defendant, therefore, urges this Court to construe the answer filed in plaintiff's action as a pleading sufficient to challenge dischargeability under Rule 409(b). However, the Rule is clearly applicable only where a claim has not yet been reduced to judgment. Here defendant's claim had been reduced to a judgment of $33,586.75 in the Circuit Court of Cook County. Therefore, Rule 409(b) does not apply.

The Court agrees with plaintiff that cases cited by defendant to support its position are clearly distinguishable from this case. In each case the creditors had filed a specific motion for an extension of time to file an application or complaint to determine dischargeability. In the present case, defendant did not file a motion for an extension of time. In fact, it specifically argued that there was no requirement on its part to do so.

As was noted by this Court in its prior opinion, the legislative intent of the 1970 Amendments to the Act was to effectuate more fully discharge in bankruptcy by rendering discharge less subject to abuse by creditors. To grant the relief requested by defendant would be contrary to the clear legislative intent. This Court cannot view an answer filed in response to plaintiff's complaint as a pleading sufficient to challenge dischargeability under Section 17c(2) of the Act. Further, this Court does not believe that Section 14b(1) of the Act, Rule 409(a) and Rule 906(b) of the Rules of Bankruptcy Procedure are applicable to this case.

Defendant failed to file an application for determination of the discharge of its claim within the time fixed by the Bankruptcy Court as required under Section 17c(2) of the Act. Therefore, defendant's claim was discharged by operation of law.

Accordingly, defendant's motion to alter or amend judgment is denied.